UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-971-TLS-JEM |
| BRIAN ENGLISH and KOY, | |
| Defendants. | |

**OPINION AND ORDER**

Delashun Baggett, a prisoner without a lawyer, filed a confusing complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett sues Lt. Koy, but never mentions Lt. Koy in the body of the complaint. Rather, he alleges Sgt. Corry allowed his and other cell doors to be unlocked so three inmates could leave their cells and attack him on June 26, 2024, in IHU on the 3-4 side. He alleges Sgt. Corry arranged for his cellmate to be away during the attack. He alleges Sgt. Corry visited after the attack to laugh at him and deny him medical treatment while he lay on the floor bleeding out. Baggett further says Correctional Officer Koy has assaulted him five times. He alleges Correctional Officer Coy has put his life in danger. Though it is possible all of these are the same person, it is confusing that Baggett has used three different ranks and three different spellings for

this person's name in only two short paragraphs, if they are the same person. As presented, this complaint does not state a claim against Lt. Koy.

Baggett also sues Warden Brian English for allowing him to be attacked. This complaint does not provide sufficient facts to plausibly infer that Warden English is liable for violating his rights under the Eighth Amendment because there is no general supervisory liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

This complaint does not state a claim for which relief can be granted. If Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his prison law library.

For these reasons, the court GRANTS Delashun Baggett until **January 5, 2026**, to file an amended complaint; and CAUTIONS him if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 4, 2025.

          s/ Theresa L. Springmann
          JUDGE THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT