**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

DELASHUN BAGGETT,

Plaintiff,

v.                                                  CAUSE NO. 3:25-CV-971-TLS-JEM

BRIAN ENGLISH AND KOY,

Defendants.

**OPINION AND ORDER**

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint is vague and confusing. Baggett alleges that, on June 26, 2024, an incident occurred and Koy failed to report it. Baggett alleges that Koy told his cellmate that Baggett was trying to check in and that Baggett was in fear for my life. At the time, Baggett was waiting to see the counselor about his concern for his safety. Baggett concludes that Koy was setting him up to be killed by other inmates. Baggett further alleges that, due to Koy's negligence, his head was stomped in, knives were pulled on him, and his property was taken. Baggett, however, does not indicate if these are all part of the same incident or if they are separate incidents. He does not provide a date when these things occurred. He does not provide a

location. He does not indicate who the attackers were or explain why he believes the attack was related to Koy's comments on June 26, 2024.

Baggett also claims that Koy failed to provide him with medical attention, but again his complaint is missing essential details regarding when and how he was injured, how Koy knew about the injuries, whether he requested medical care, or how he requested that care.

Baggett has also named Warden English as a defendant. Baggett alleges that Warden English allowed Koy to continue harassing him despite grievances, but he does not describe any specific conduct on the part of Koy outside of the one comment to his cellmate on June 26, 2024, and a vague claim that Koy put him in segregation at some unspecified time. Baggett's amended complaint, like his earlier complaint, does not provide sufficient facts to plausibly infer that Warden English is liable for violating his rights under the Eighth Amendment because there is no general supervisory liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The amended complaint does not state a claim for which relief can be granted. It is short on facts, dates, and specifics about what Koy and Warden English did and when they did it. Based on what it does say, it is not plausible to infer that Baggett's rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and

2

footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Baggett has already been allowed to amend his complaint once. Nonetheless, if Baggett believes he can state a claim based on (and consistent with) the June 26, 2024, events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Delashun Baggett until **August 21, 2026**, to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3