**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| DELASHUN BAGGETT,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENGLISH and LT. KOY,<br><br>Defendants. | CAUSE NO. 3:25-CV-971-TLS-JEM |

**OPINION AND ORDER**

Delashun Baggett, a prisoner without a lawyer, filed a second amended complaint. ECF 21. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett alleges that, on June 26, 2024,[1] an inmate approached Baggett's cell and said that they would be there at 4:00 a.m. and they were going to kill him. The inmate told Baggett's cellmate not to be there at that time. Before Lt. Koy arrived to work his shift, Baggett asked for protective custody and his request was denied. When 4:00 a.m. arrived, Lt. Koy opened Baggett's cell and spoke with Baggett's cellmate in the hall. Lt. Koy allegedly allowed Baggett's cellmate to leave "so that a group of gang members [could] come and assault [Baggett]." ECF 21 at 2. Baggett was punched, beaten to the ground, and stomped on. When Lt. Koy did his next

[1] The second amended complaint indicates that the incident happened on June 26, 2027. That is clearly inaccurate. Therefore, the court has used the date provided in Baggett's previous complaint.

walk through, Baggett was on the ground. He looked at Baggett, laughed at him, and called him a sex offender. When the doors opened for breakfast, Baggett left his cell to seek help. He encountered Lt. Koy again and he laughed and made jokes. Baggett requested medical attention and Lt. Koy denied his request. Gang members returned to Baggett's cell and told him to leave the cell house or die. Around 4:00 p.m., Baggett was moved to AHU. He waited for a cell in what Baggett refers to as a "cage," until 1:00 a.m. ECF 21 at 4. He received medical care around 2:00 a.m.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). On the second prong, the plaintiff must allege that "the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a Constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Here, giving Baggett the benefit of all favorable inferences, as the court must at this stage of the case, he has stated a claim against Lt. Koy for

being deliberately indifferent to his safety when he opened Baggett's cell for the purpose of allowing a group of inmates to assault Baggett.

Baggett claims that Lt. Koy allowed the inmates to attack him in retaliation for complaining about Lt. Koy putting his life in danger. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the most explicit constitutional provision is the Eighth Amendment. Baggett would gain nothing by proceeding on a duplicate retaliation claim, and he therefore will not be permitted to proceed on a retaliation claim against Lt. Koy.

Baggett also claims that Lt. Koy failed to provide him with medical attention. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle*, 429 U.S. at 106 (explaining negligence or medical malpractice do not constitute deliberate indifference). Baggett indicates he was punched and stomped on by the inmates who attacked him, but he does not

describe the injuries he suffered in any detail. More importantly, while Baggett did ask Lt. Koy for medical care, it is unclear that Baggett described the nature of his injuries to Lt. Koy. Based on the factual allegations in the second amended complaint, it cannot be plausibly inferred that Lt. Koy was deliberately indifferent to a serious medical need of Baggett's.

Baggett has also named Warden English as a defendant. He is not mentioned in the complaint, but it appears that he is suing Warden English in his official capacity because he has requested injunctive relief in the form of a transfer and outside medical care for his injuries. Here, Baggett is proceeding against Lt. Koy on a single claim for damages stemming from an incident that occurred on June 26, 2024. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion. Similarly, it cannot be plausibly inferred from the second amended complaint that Baggett suffered any specific injury during the June 26, 2024, incident that requires any further medical care now, much less specialized medical care from an outside provider. Therefore, Warden English will be dismissed.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Lt. Koy in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his safety when he opened Baggett's cell for the purpose of allowing a group of inmates to assault Baggett on June 26, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Brian English;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Koy at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 21);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of Lt. Koy, if he does not waive service and if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Koy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 26, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT